### FRED HAMILTON V. THE STATE.

No. 9608.   Delivered December 3, 1925.

**Contributing to Delinquency of Minor—Evidence—Held Insufficient.**

The testimony in this case is not sufficient to sustain the judgment. Under our law a citizen cannot be convicted of an offense on the mere surmise or supposition of a witness. It takes testimony to overcome the presumption of innocence and the reasonable doubt, and the record in this case fails to disclose any evidence that would do either, and the cause is reversed and remanded.

Appeal from the County Court at Law of Tarrant County. Tried below before the Hon. P. W. Seward, Judge.

Appeal from a conviction for contributing to the delinquency of a minor, penalty a fine of $250.

*Baskin, Eastus & Grimes,* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is encouraging and contribut-

ing to the delinquency of a minor, and the punishment is a fine of $250 and six months' confinement in jail.

The information charges that the appellant asked, persuaded, solicited and offered money to the minor to procure him to engage in an act of sodomy with him. The prosecuting witness and the appellant were found under one of the loading docks at a warehouse in the nighttime. The minor was sixteen years of age. The testimony clearly shows that the appellant was very drunk at the time and the prosecuting witness would do no more than say that appellant told him he wanted him to go down there with him and gave him a dollar to go with him. He affirmatively testifies that appellant did nothing to him after they got to the place, in fact that the appellant did not touch him. After being led by the State's attorney, he testifies that it was his opinion that the appellant wanted him to go down there for the purpose of engaging in an act of sodomy. He makes it clear from his testimony, however, that appellant said nothing of this sort to him and merely makes the statement that he thought that was what he was going to do. This testimony is not sufficient. Under our law, a party cannot be convicted on the mere surmise or supposition of a witness. It takes testimony to overcome the presumption of innocence and the reasonable doubt, and the record in this case fails to disclose any evidence that would do either.

Because the testimony is wholly insufficient, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.